UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ADAM KILLICK,<br><br>        Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>        Defendant. | Case No._____<br><br>State Court Case No. 2021-383-CA |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Harbor Freight Tools USA, Inc., ("Harbor Freight") hereby gives notice that the above-captioned action pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, is hereby removed to the United States District Court for the Northern District of Florida, Panama City Division. In support of removal, Harbor Freight respectfully states the following:

**I.  Procedural Background and Relevant Facts**

1.  On March 21, 2021, Plaintiff Adam Killick ("Plaintiff") commenced this civil action in the Circuit Court in and for the Fourteenth Judicial Circuit, Bay County, Florida, by filing a Complaint captioned *Adam Killick v. Harbor Freight Tools USA, Inc.*, No. 2021-383-CA.

2.  In the Complaint,[1] Plaintiff alleges that he was injured when a cut-off wheel purchased at Harbor Freight shattered into shrapnel when he turned on the angle grinder to which it was attached. *See* Compl. ¶ 5-9 (**Exhibit 1**). He claims the shrapnel "violently collided" with his

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached collectively as **Exhibit 1**. Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

left hand and caused "severe lacerations" to that hand. *Id*. at ¶ 9.

3.     He claims he sustained damages "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition." *Id*. at ¶ 17. He maintains these losses are "permanent or continuing" and that he will suffer them in the future. *Id*. Plaintiff brings three counts against Harbor Freight: (1) Strict Liability; (2) Design Defect; and (3) Strict Liability – Failure to Warn.

## II.     The Notice of Removal is Timely.

4.     Plaintiff filed the state court action on March 23, 2021.  Harbor Freight was formally served with process on April 22, 2021.  A true and correct copy of the summons issued by the state court dated March 23, 2021 is included in **Exhibit 1**.

5.     Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(c).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day time limit for removal commences on the date of formal service of the complaint).

## III.    Complete Diversity of Citizenship Exists.

6.     Removal of this case is permitted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

7.     "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  In determining domicile, a court may use various factors including "whether the party owns real property in the state, has a state driver's license, is registered to vote in the state, and pays income taxes in the state." *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06CV105, 2006 WL 1776747, at *5 (N.D. Fla. June 26,

2006).

8. Plaintiff is, and was at the time of filing this action, a Florida citizen. As alleged in the Complaint, Plaintiff "at all times materials hereto . . .was a resident of Bay County Florida." Compl. ¶ 2. Plaintiff's Florida residency gives rise to a presumption that he is also a Florida citizen. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007). Additionally, publicly available records establish that Plaintiff maintains a physical address in Florida, holds a Florida driver's license registration, and is a registered Florida voter. Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

9. Defendant Harbor Freight is now, and was at the time plaintiffs commenced this action, a corporation organized under the laws of Delaware with its principal place of business in California. Accordingly, Harbor Freight is a citizen of Delaware and California for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

**IV. The Amount in Controversy is Met.**

10. The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), the U.S. Supreme Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 554 (emphasis added),

- the defendant "may *simply allege or assert* that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" *id.* at 553-54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

3

12. The *Dart* standard permits a defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Ellison v. Coca-Cola Refreshments USA, Inc.,* No. 215CV00246FTM29-MRM, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) (citing *Dart* and explaining that "[a] Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount"); *Schaefer v. Seattle Serv. Bureau, Inc.,* No. 2:15-CV-444-FTM-38CM, 2015 WL 6746614, at *3 (M.D. Fla., Nov. 5 2015) (citing *Dart* and explaining that "[a]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions"). This allegation is presumed correct.

13. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554. Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.

*Id.* (emphasis in original) (internal quotation marks omitted).

14. Here, the amount-in-controversy requirement for diversity jurisdiction is satisfied because it is clear from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000. Although the Complaint does not specify the amount of damages sought, the allegations make it clear that the amount in controversy exceeds the jurisdictional threshold. *See, e.g., Pretka*

*v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding that the amount in controversy is met where it is "facially apparent" from the complaint that the jurisdictional minimum is exceeded). District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Id.* at 770. In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Plaintiff alleges that he sustained injuries from using a Cut-Off Wheel sold by Harbor Freight which included "permanent or continuing" "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition" and that Plaintiff will suffer these damages in the future. *Id*. at ¶ 17. Plaintiff seeks damages for these injuries as well as litigation costs. *See Compl*.

15. Moreover, Plaintiff made a written pre-suit demand to Harbor Freight on January 6, 2021, in which Plaintiff outlined the economic and non-economic damages he allegedly sustained as a result of his injuries and anticipated sustaining in the future – damages that amount to far more than $75,000. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.,* 268 F. App'x 864, 866 (11th Cir. 2008) (considering a pre-suit demand letter to analyze the amount in controversy); *Livolsi v. State Farm Mut. Auto. Ins. Co*., No. 17-cv-80407, 2017 WL 7792572, at *2 (S.D. Fla. June 30, 2017) (considering a pre-suit demand letter, among other evidence, "sufficient to establish an amount in controversy when based on a plaintiff's own valuation of his or her claims"); *Boyd v. State Farm Mut. Auto. Ins. Co*., No. 6:15-cv-1965, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) ("A court may consider a demand letter in combination with other

supporting evidence to determine whether all the evidence taken as a whole establishes that the jurisdictional amount has been satisfied."); *Rollo v. Keim*, No. 3:09cv146/MCR/EMT, 2009 WL 1684612, at *3 (N.D. Fla. June 16, 2009) (relying upon a pre-suit demand letter even under the more-stringent *Lowery* standard for removal that does not apply here, to hold that the amount in controversy was met).

16. Plaintiff's written demand itemizes a total of $48,797.85 in medical bills as of the date of the demand and provides a detailed explanation of his alleged injuries: a 10 centimeter complex laceration to the top of his left hand that required the repair of his extensor tendon in his left middle finger, a nerve block prior to surgery, and months of physical therapy. *See* Demand at 2 **(Exhibit 2)**. Further, Plaintiff also claims in his demand that as a result of this injury he sustained economic injuries exceeding $400,000. Specifically, Plaintiff claims that at the time of his injury, he

> made a living buying used vehicles, repairing and restoring them, and then selling for profit under the company AAA Ameribrit Auto Sales LLC. <u>Due to his injuries and required treatment, he is unable to sustain his business</u>. He requires both hands to be able to load, transport, and repair his business' vehicles. For Q1 2019 <u>his company reported $422,651.00 in revenue</u>. For the same period of 2020, <u>his company has made, and thus reported, no revenue</u>. Hurricane Michael, a category 5 storm, decimated the area merely 3 months before the start of Q1 2019. It is safe to say that as the area continues to recover, projected revenues would have exceeded prior quarters.

*Id.* (emphasis added).

17. Therefore, in light of the alleged severity of the injuries and the broad scope of the economic and non-economic damages claimed in the Complaint and pre-suit demand, it is "facially apparent" that the amount in controversy exceeds $75,000, exclusive of interest and costs, *see Pretka*, 608 F.3d at 757-60, and Defendant has sufficiently alleged the basis for diversity jurisdiction at the notice-of-removal stage. *See Dart*, 135 S. Ct. at 553; *Corp. Mgmt. Advisors, Inc.*

*v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that the trial court cannot *sua sponte* remand a case as long as the removing party pleads the general basis for diversity jurisdiction). Nor should Plaintiff's failure to include a specific demand amount in his demand letter permit him to avoid removal when it is obvious from the demand letter that Plaintiff is seeking economic injuries of at least six figures as well as substantial non-economic damages. *Galano v. Target Corp.*, 1:17-CV-20439, 2017 WL 7803809, at *4–5 (S.D. Fla. Nov. 13, 2017), report and recommendation adopted, 17-20439-CIV, 2018 WL 1143841 (S.D. Fla. Jan. 22, 2018) ("While obviously not dispositive on the question of jurisdiction, it is telling when a plaintiff attempts to have her cake and eat it too. In other words, when a plaintiff attempts to file a case and avoid a discussion of the value of her claims on whether it exceeds the required jurisdictional amount, that evasiveness can be considered when determining if federal jurisdiction exists or not."). Moreover, although not dispositive of the amount in controversy, Plaintiff estimated the value of his claim to be over $100,000 on the civil cover sheet he filed in state court. See **Exhibit 1.**

**V.      The Removal is Otherwise Proper.**

18.     As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff and Harbor Freight is filing a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the Fourteenth Judicial Circuit in and for Bay County, Florida.  A copy of the Notice of Filing Notice of Removal that will be filed in the state court is attached as **Exhibit 3**.

19.     If any question arises as to the propriety of the removal of this action, Harbor Freight requests the opportunity to brief any disputed issues in support of its position that this case is properly removable. *See also Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009) (prior to sua sponte remanding a case for lack of subject matter

jurisdiction upon the failure of the removing party to properly allege diversity of citizenship, the district court must grant leave to amend notice of removal); *Franz v. Doe*, Case No. 2:18-cv-536-FtM-38MRM, 2018 WL 4333541, *1-2 (M.D. Fla. Sept. 11, 2018) (discussing cases including *Corp. Mgt. Advisors* and recognizing that district court cannot sua sponte remand case based on procedural defect like a failure to adequately show amount in controversy or adequately allege citizenship in notice of removal).

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Harbor Freight's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) failure to state a claim; or (5) any other procedural or substantive defense available under state or federal law.

21. Venue is proper in the Panama City Division of the Northern District of Florida under 28 U.S.C. § 1441(a) and Local Rule 3.1(B) because the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida is within the Panama City Division.

WHEREFORE Defendant Harbor Freight Tools USA, Inc. respectfully removes this action from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

*/s/Garth T. Yearick*
Garth T. Yearick (FBN: 96105)
**CARLTON FIELDS, P.A.**
City Place Tower
525 Okeechobee Blvd., Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile. (561) 659-7368
gyearick@carltonfields.com
***Attorneys for Harbor Freight Tools USA, Inc.***

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2021, a true and correct copy of the foregoing was served by using the CM/ECF system which will send a notice of electronic filing and U. S. Mail and email to counsel or parties of record on the service list below.

Respectfully submitted,

*/s/Garth T. Yearick*
Garth T. Yearick
FL Bar No. 96105

## SERVICE LIST

Carrie Mendrick Roane, Esq.
3522 Thomasville Road, Suite 200
Tallahassee, FL  32309
Email: croane@fasigbrooks.com