# EXHIBIT 1

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

   I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BAY</u>   COUNTY, FLORIDA

<u>Adam Killick</u>
Plaintiff

Case # __21000383CA__
Judge _____

vs.

<u>Harbor Freight Tools USA, Inc</u>
Defendant

   II.   **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

   III.   **TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

    **IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

    **V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

    3

    **VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

    **VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Carrie M Roane      Fla. Bar # 192491
    Attorney or party      (Bar # if attorney)

Carrie M Roane      03/23/2021
(type or print name)      Date

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

ADAM KILLICK,

    Plaintiff,

v.                                          Case No.: 21000383CA

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, ADAM KILLICK, by and through undersigned counsel, and hereby sues Defendant, HARBOR FREIGHT TOOLS USA, INC., and in support thereof alleges as follows:

1. This is an action for damages exceeding $30,000.00 exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiff was a resident of Bay County, Florida.

3. At all times material hereto, Defendant, HARBOR FREIGHT TOOLS USA, INC., was a foreign for-profit corporation. This nonresident defendant is subject to the jurisdiction of the Florida Courts pursuant to Section 48.193(1)(a), Florida Statutes.

4. Venue is proper pursuant to Section 47.011, Florida Statutes, as the events giving rise to the cause of the action asserted herein accrued in Bay County, Florida.

5. On or about December 2, 2019, Plaintiff purchased a "WARRIOR" brand 4-1/2 In. Aluminum Oxide 60 Grit Metal 13,300 Max RPM Thin Cut-Off Wheel 10 Pk. (herein "Cut-Off Wheel") from Harbor Fright Tools in Panama City, Florida.

6. On or about January 25, 2020, Plaintiff was using a "Hyper Tough" 6-AMP Angle Grinder (herein "Angle Grinder") with the Cut-Off Wheel properly attached.

7. The Angle Grinder has a no load speed of 11,500 RPM, well below the Cut-Off Wheel's 13,500 max rpm.

8. At that time, the Plaintiff turned on the Angle Grinder and the Cut-Off Wheel shattered at full velocity before making contact with any material.

9. After shattering, a portion of the shattered wheel effectively became a piece of shrapnel that violently collided with Plaintiff's left hand, causing severe lacerations.

## COUNT I – STRICT LIABILITY

10. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. This is a count for strict liability against Defendant, HARBOR FREIGHT TOOLS USA, INC., for putting a defectively designed or manufactured Cut-Off Wheel into the stream of commerce.

12. Defendant, HARBOR FREIGHT TOOLS USA, INC., manufactured, assembled, tested, distributed, marketed, sold, and placed into the stream of commerce the subject Cut-Off Wheel used by Plaintiff ADAM KILLICK

13. At all times mentioned in the complaint, the above-described Cut-Off Wheel was defective and unsafe in manufacture, and was so at the time it was both manufactured and distributed by Defendant:

  a. The design of the Cut-Off Wheel did not allow it to remain safely intact when used in an intended and foreseeable manner.

b. The design of the attachment ring/grinder collar of the Cut-Off Wheel was not fully embedded within the cutting material, allowing and/or increasing the likelihood that the subject incident would occur.

c. The design of the reinforcing fibers were spaced too widely to provide adequate shatter safe-guards.

14. Defendant sold the subject Cut-Off Wheel with the above described defects.

15. Defendant manufactured, distributed, marketed, or sold the subject jack with unintended and unreasonably dangerous defects, which were present in the jack when Defendant placed it into the stream of commerce.

16. The defects caused the Cut-off Wheel to shatter and cause serious injury to the Plaintiff when the Cut-Off Wheel was used in its intended and foreseeable manner.

17. As a result of said defects, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE Plaintiff demands judgment against Defendant for damages, litigation costs, and any other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

## COUNT II – DESIGN DEFECT

18. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 9 as if fully set forth herein.

19. Defendant was in a superior position to recognize and cure design defects and had a duty to protect consumers, including Plaintiff, from dangerous product designs.

20. At all times material hereto, Defendant, HARBOR FREIGHT TOOLS, USA, owed a duty to exercise reasonable care in the design, manufacture, assembly, marketing, and sale of Cut-Off Wheels sold in its stores, such as the subject Cut-Off Wheel.

21. At all times material hereto, Defendant knew or with the exercise of reasonable care should have known that individuals could sustain serious injury by wheel failure when it was used as designed, manufactured, marketed, and sold for its intended and foreseeable uses.

22. Defendant, HARBOR FREIGHT TOOLS, USA, in the reasonable course of business, should have been able to foresee the danger of the wheel shattering when it was used as designed, manufactured, marketed, and sold for its intended and foreseeable uses.

23. The Defendant's design was defective in one or more of the following ways:

   a. The Cut-Off Wheel was not designed with reasonable care to eliminate avoidable dangers;

   b. There was minimal financial cost involved in an improved design;

   c. An alternative and safer design was available prior to and at the time of the subject incident that would have greatly reduced, or completely eliminated, the danger and risk of harm in using the described Cut-Off Wheel;

   d. Failing to embed the attachment ring/grinder collar into the wheel, therefore reducing the risk of shattering and/or exploding off of the attachment ring/grinder collar;

e. Otherwise failing to design the attachment ring/grinder collar with reasonable care as to reduce the likelihood of wheel failure and/or separation from the attachment ring/grinder collar.

24. As a result of said defects, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE Plaintiff demands judgment against Defendant for damages, litigation costs, and any other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

## COUNT III – STRICT LIABILITY FAILURE TO ADEQUATELY WARN

25. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 9 as if fully set forth herein.

26. This is a count for strict liability against Defendant, HARBOR FREIGHT TOOLS USA, INC., for placing into the stream of commerce the Cut-Off Wheel without adequately warning foreseeable end users of the risks associated with the use of the Cut-Off Wheel.

27. Defendant, HARBOR FREIGHT TOOLS USA, INC., manufactured, sold, assembled, tested, distributed, marketed, sold, and placed into the stream of commerce the subject Cut-Off Wheel used by Plaintiff, ADAM KILLICK, which was intended to safely and effectively make cuts in steel, stainless steel, and other ferrous alloys.

28. The subject Cut-Off Wheel was released into the stream of commerce with warnings on the Wheel itself. The test-only warning was located on the left side of the black label in white type-face affixed with a small orange "WARNING."

29. At all times material hereto, the warning on the subject Cut-Off Wheel were inadequate, and therefore unreasonably dangerous and defective because:

   a. The warning was not conspicuously located;

   b. The warning was not colored in a conspicuous manner;

   c. The size of the font making up the warning rendered them difficult for a reasonable person to read;

   d. The warning failed to warn of the possibility that the wheel failure may cause the wheel to dangerously shatter and violently fling shards towards the user and/or others;

   e. The warning failed to warn of wheel failure that could result in serious maiming;

   f. The warning failed to warn that the wheel should only be used on metal and other steel, stainless steel and other ferrous metals;

   g. The warning failed to warn that using the wheel on other materials could result in wheel failure and severe bodily injury;

   h. The warning failed to recommend proper placement of the adjustable guard on angle grinders to prevent injury;

   i. In other ways to be determined through discovery.

30. Defendant sold the subject Cut-Off Wheel with the above-described defects.

31. Defendant manufactured, distributed, marketed, or sold the jack with unintended and unreasonably dangerous defects, which were present in the Cut-Off Wheel when Defendant placed the Cut-Off Wheel into the stream of commerce.

32. As a result of said defects, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE Plaintiff demands judgment against Defendant for damages, litigation costs, and any other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

Respectfully submitted this 23rd day of March, 2021.

/s/ Carrie Mendrick Roane
Carrie Mendrick Roane (FBN: 0192491)
3522 Thomasville Rd. Suite 200
Tallahassee, FL 32309
Phone: 850-224-3310
Fax:   850-224-3433
Croane@fasigbrooks.com
Brittney@fasigbrooks.com
Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

ADAM KILLICK,

    Plaintiff,

v.                                        Case No.: 21000383CA

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, Notice of Service of Plaintiff's First Interrogatories to Defendant, and Plaintiff's First Request for Production to Defendant, upon:

Harbor Freight Tools, USA, Inc.
By serving its registered agent: CORPORATE CREATIONS NETWORK INC.
801 US Highway 1
North Palm Beach, FL 33408

    Each defendant is required to serve written defenses to the Complaint upon Carrie Mendrick Roane, Plaintiff's attorney, whose address is 3522 Thomasville Rd. Suite 200, Tallahassee, Florida 32309, within twenty days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or Petition.

Each defendant is required to serve written responses to Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production to Defendant upon Carrie Mendrick Roane, Plaintiff's attorney, within forty-five days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the responses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.

DATED on _____3/23/2021_____, ■.

As Clerk of the Court

By: _____Jennifer Estrada_____

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA, CIVIL ACTION

ADAM KILLICK,

    Plaintiff,

v.

    Case No.: 21000383CA

HARBOR FREIGHT TOOLS
USA, INC.,

    Defendant.

## DEFENDANT HARBOR FREIGHT TOOLS USA, INC.'S NOTICE OF APPEARANCE AND ATTORNEYS' DESIGNATION OF E-MAIL ADDRESSES

Please take notice that the law firm of Carlton Fields, P.A. hereby enters its appearance as counsel of record for Defendant Harbor Freight Tools USA, Inc. in the above-referenced matter, and requests that all future pleadings and papers in this cause be directed to undersigned counsel.

Ashley C. Drumm and Casey R. McGowan, counsel for Defendant in this matter, pursuant to Florida Rule of Judicial Administration 2.516, hereby designate the following addresses for service by e-mail:

For Ashley C. Drumm:
adrumm@carltonfields.com (primary)
phouse@carltonfields.com (secondary)
cdemaline@carltonfields.com (secondary)
tpaecf@cfdom.net (secondary)

For Casey R. McGowan
cmcgowan@carltonfields.com (primary)
phouse@carltonfields.com (secondary)
cdemaline@carltonfields.com (secondary)
tpaecf@cfdom.net (secondary)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2021, I caused the foregoing to be electronically filed with the Clerk of Court through the Florida Court's E-Filing Portal, which will provide electronic service to all counsel of record.

/s/ *Ashley C. Drumm*
Ashley C. Drumm
Florida Bar No. 85845
adrumm@carltonfields.com
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368

*Counsel for Harbor Freight Tools USA, Inc.*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA, CIVIL ACTION

ADAM KILLICK,

    Plaintiff,

v.

HARBOR FREIGHT TOOLS
USA, INC.,

    Defendant.

Case No.: 21000383CA

## DEFENDANT HARBOR FREIGHT TOOLS USA, INC.'S
## MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"), by and through undersigned counsel, hereby requests pursuant to Florida Rule of Civil Procedure 1.090(b) a thirty (30) day extension of time (until June 11, 2021) to respond to the Complaint in this matter. In support, Harbor Freight states as follows:

1. This matter was filed on March 23, 2021. Harbor Freight was served on April 22, 2021, making its response to the Complaint due today, May 12, 2021.

2. Undersigned counsel was not retained until today in this matter. Immediately upon discovering that Harbor Freight's response to the Complaint was due, the undersigned emailed Plaintiff's counsel to request this extension of time in order to allow the undersigned to analyze the Complaint and prepare a response. The undersigned has not yet received a response from Plaintiff's counsel.

3. In an abundance of caution in the event an agreement with Plaintiff's counsel cannot be reached, Harbor Freight respectfully requests this thirty (30) day extension of time to respond to the Complaint.

Wherefore, Harbor Freight respectfully requests the Court enter an Order granting this motion and any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2021, I caused the foregoing to be electronically filed with the Clerk of Court through the Florida Court's E-Filing Portal, which will provide electronic service to all counsel of record.

/s/ *Ashley C. Drumm*
Ashley C. Drumm
Florida Bar No. 85845
adrumm@carltonfields.com
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368

***Counsel for Harbor Freight Tools USA, Inc.***