UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADAM KILLICK,

**CASE NO. 5:21-cv-00111-MW-MJF**

v.

HARBOR FREIGHT TOOLS USA INC.,

    Defendant.
_____/

### DEFENDANT HARBOR FREIGHT TOOLS USA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") files its Answer and Affirmative Defenses to Plaintiff's Complaint. ("Complaint").  Harbor Freight expressly and specifically denies each and every allegation in the Complaint to the extent not expressly and specifically contained herein, and in further answer to the enumerated paragraphs of the Complaint, states:

1. Denied that Harbor Freight owes any amount of damages to Plaintiff.

2. Harbor Freight admits that Plaintiff was a Florida resident at the time of removal. Otherwise, Harbor Freight is without sufficient knowledge to admit or deny this allegation as it pertains to Plaintiff's residence, and therefore, this allegation is denied.

3. Harbor Freight admits that it is a for-profit foreign corporation. Otherwise denied.

4. Paragraph 4 is a legal conclusion to which no response to required. To the extent a response is required, this allegation is denied.

5. Harbor Freight is without sufficient knowledge to admit or deny this allegation, which is therefore denied.

1

6. Harbor Freight is without sufficient knowledge to admit or deny this allegation, which is therefore denied.

7. Harbor Freight is without sufficient knowledge to admit or deny this allegation, which is therefore denied.

8. Denied.

9. Denied.

## COUNT I – STRICT LIABILITY

10. Harbor Freight re-alleges and reincorporates its responses to Paragraphs 1 through 9 as fully set forth in this pleading.

11. Paragraph 11 is legal conclusion to which no response to required. To the extent a response is required, this allegation is denied.

12. Denied.

13. Harbor Freight denies the allegations contained in Paragraph 13 and each of its subparts.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

Harbor Freight denies the allegations in the Complaint's wherefore paragraph. Specifically Harbor Freight denies that it owes any damages to Plaintiff.

## COUNT II – DESIGN DEFECT

18. Harbor Freight re-alleges and reincorporates its responses to Paragraphs 1 through 17 as fully set forth in this pleading.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Harbor Freight denies the allegations contained in Paragraph 23 and each of its subparts.

24. Denied.

Harbor Freight denies the allegations in the Complaint's wherefore paragraph. Specifically Harbor Freight denies that it owes any damages to Plaintiff.

## COUNT III – STRICT LIABILITY FAILURE TO ADEQUATELY WARN

25. Harbor Freight re-alleges and reincorporates its responses to Paragraphs 1 through 24 as fully set forth in this pleading.

26. Paragraph 26 is legal conclusion to which no response to required. To the extent a response is required, this allegation is denied.

27. Denied.

28. Harbor Freight is without sufficient knowledge to admit or deny these allegations, which are therefore denied.

29. Harbor Freight denies the allegations contained in Paragraph 29 and each of its subparts.

30. Denied.

31. Denied.

32. Denied.

Harbor Freight denies the allegations contained in the Complaint's wherefore paragraph. Specifically, Harbor Freight denies that it owes any damages to Plaintiff.

## DEMAND FOR JURY TRIAL

Harbor Freight demands a trial by jury on all issues.

## HARBOR FREIGHT'S DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence under § 768.81, Fla. Stat.

2. At all times that are material to the allegations in the Complaint, Plaintiff was negligent, careless, at fault, and conducted himself such that he contributed substantially to his alleged injuries and damages. Plaintiff's negligence, carelessness, and fault bars in whole or in part the damages Plaintiff seeks to recover in the Complaint. If Plaintiff sustained injuries attributable to the use of the product at issue in this case, the injuries were solely caused by and attributable to Plaintiff's unintended, unreasonable, and improper use, misuse, alteration, or modification of the product or a third party's unintended, unreasonable, and improper use, misuse, alteration, or modification of the product.

3. If any of Plaintiff's alleged injuries were attributable to Plaintiff's use of the product at issue in this case, those injuries were not legally caused by the product at issue and were instead legally caused by the intervening and superseding causes or circumstances over which Harbor Freight lacked control.

4. Plaintiff or third parties over which Harbor Freight lacked supervision, control, Or the right of control failed to follow adequate instructions, directions, warnings, and/or custom and usage with regard to the product at issue.

5. Plaintiff's alleged damages are barred in whole in part by Plaintiff's failure to mitigate those damages.

6. Harbor Freight states that if Plaintiff used the product at issue, such product was produced in conformity with applicable governmental and agency statutes, regulations, standards, specifications, and/or laws. Harbor Freight further states that the product and methods of production and testing conformed to the generally recognized and prevailing industry standards and the state of the art at the time such products were produced and tested. As a result, the product at issue was not defective, and Harbor Freight's conduct was reasonable.

8. At the time Harbor Freight's products, to the extent they are implicated in this action, left Harbor Freight's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products. Therefore, Harbor Freight's products were not defective in design or production.

9. Harbor Freight is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff with any other person or entity for his alleged damages.

10. Plaintiff's alleged damages are barred or limited by payments received from collateral sources under § 768.76, Fla. Stat.

11. If Harbor Freight is liable to Plaintiff, which liability Harbor Freight expressly denies, any liability is limited to Harbor Freight's percentage of fault as provided by section 768.81, Florida Statutes, and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), or other applicable law, as it relates to the fault of all parties and *Fabre* defendants, including the designer, manufacturer, distributor, or seller of the "Hyper Tough" Angle Grinder.

Harbor Freight reserves the right to amend its Answer, if appropriate, after full

investigation and discovery.

Dated: June 1, 2021

                                              **CARLTON FIELDS**

                                              */s/ Ashley C. Drumm*
                                              Ashley C. Drumm (FBN: 85845)
                                              adrumm@carltonfields.com
                                              525 Okeechobee Blvd., Suite 1200
                                              West Palm Beach, FL 33401
                                              Tel: (561) 659-7070
                                              Fax: (561) 659-7368

                                              *Counsel for Defendant Harbor Freight Tools USA, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sends a Notice of Electronic Filing Electronic Filing to all counsel of record on June 1, 2021.

                                              */s/ Ashley C. Drumm*
                                              Ashley C. Drumm