## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ADAM KILLICK,

      Plaintiff,

v.                                                                    Case No.  5:21-cv-111-MW-MJF

HARBOR FREIGHT TOOLS USA INC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff moves to have this civil action remanded to a Florida court because the District Court purportedly lacks subject-matter jurisdiction and Defendant allegedly was untimely in removing this case to federal court. Doc. 103.[1] Defendant filed a response in opposition. Doc. 106. The District Court enjoys subject-matter jurisdiction, and Defendant timely removed this action to federal court. The District Court, therefore, should deny Plaintiff's motion to remand.

---

[1] Plaintiff's "motion to remand," Doc. 103, included various non-dispositive motions to compel discovery. The undersigned addressed those motions to compel in a separate order.

# I. BACKGROUND

This is a personal-injury/products-liability civil action. Plaintiff is seeking damages for injuries he sustained to his hand. On December 2, 2019, Plaintiff purchased a "'Warrior' brand 4-1/2 In. Aluminum Oxide 60 Grit Metal 13,300 Max RPM Thin Cut-Off Wheel 10 Pk" ("cut-off wheel") from Defendant. Doc. 1-1 ¶ 5. Plaintiff alleges that on January 25, 2020, when he attempted to use the cut-off wheel, it shattered. *Id.* ¶ 8. Plaintiff alleges that a part of the shattered cut-off wheel hit Plaintiff causing severe lacerations to his left hand. Plaintiff asserts three claims: (1) Strict Products Liability; (2) Design Defect; and (3) Strict Liability Failure to Adequately Warn. *Id.* at 6-11.

## A. <u>Plaintiff's Pre-Suit Demand Letter</u>

On January 6, 2021, Plaintiff's then counsel sent a pre-suit demand letter to Defendant. Doc. 1-2. This letter included an extensive description of Plaintiff's injures, the medical care he required, and an itemized total of his medical expenses. In total, Plaintiff alleged that he suffered $48,797.85 in medical costs with an additional miscellaneous cost of $182.51 as of the date of the demand. *Id.* at 2-3.

Plaintiff's demand letter also alleged that, due to Plaintiff's injuries, he was unable to operate his automotive repair shop. *Id.* at 4. For example, in the first quarter of 2019, prior to his injury, Plaintiff's company earned approximately $422,651. *Id.* After Plaintiff's hand was injured, however, he was unable to earn any income. *Id.*

Although this pre-suit demand letter did not request a specific sum, it indicated that Plaintiff's losses were well in excess of $75,000.

**B.    Plaintiff's State-Court Suit Seeking "Over $100,000"**

On March 23, 2021, Plaintiff's then counsel filed a complaint and civil cover sheet in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. Doc. 1 at 1. Plaintiff alleged that his damages *exceeded $30,000*. Doc. 1-1 ¶ 1. He requested damages for lost wages, lost earning capacity, and past and future medical expenses. *Id.* ¶ 17. He also sought relief for pain and suffering, mental anguish, and the loss of the capacity for the enjoyment of life. *Id.* On the civil cover sheet attached to his complaint, Plaintiff's counsel checked the box indicating that Plaintiff's claims were for "over $100,000.00." *Id.* at 2. On April 22, 2021, Defendant was served with the summons and complaint. *Id.* at 16.

**C.    Defendant's Removal of This Case to Federal Court**

On May 24, 2021, Defendant timely removed this action to the United States District Court for the Northern District of Florida. Doc. 1. Defendant asserted that the District Court enjoyed subject-matter jurisdiction based on the parties' diversity of citizenship. *Id.* at 2-7.

## II. DISCUSSION

### A.    <u>The District Court Possesses Subject-Matter Jurisdiction</u>

 Plaintiff challenges the District Court's subject-matter jurisdiction and alleges that the amount in controversy does not exceed $75,000. Doc. 103 at 5.

A civil case filed in a state court may be removed to a federal court by the defendant if the plaintiff originally could have filed the lawsuit in a federal court. 28 U.S.C. § 1441. A plaintiff may file a civil action in a federal court when the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. *See id.* § 1332. Accordingly, a defendant can remove such a case to a federal court.

The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). "Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014). When a plaintiff does not plead "a specific amount of damages" in his complaint, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). The defendant's burden does not require that the defendant "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, the

defendant need only prove that the actual damages will "more likely than not" exceed the minimum jurisdictional amount. In weighing the evidence, courts may rely on their "judicial experience and common sense" that a claim satisfies the amount-in-controversy requirements. *Roe*, 613 F.3d at 1064.

### 1. *Plaintiff's Demand Letter*

In determining the amount in controversy, courts may consider a settlement offer made by a plaintiff in a demand letter. *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1344 (M.D. Fla. 2020); *see generally Lowery*, 483 F.3d at 1212 n.62. Although pre-suit offers are not conclusive proof of the amount in controversy, courts may evaluate this evidence in light of the circumstances surrounding the offer. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). When "a demand letter provides specific information to support the plaintiff's claim for damages, the court may consider it relevant evidence." *Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1294 (M.D. Fla. 2021); *Gallion v. Zoe's Rests. LLC*, 524 F. Supp. 3d 1236, 1243 (M.D. Ala. 2021); *Poltar*, 473 F. Supp. 3d at 1344.

Here, Defendant attached Plaintiff's pre-suit demand letter to its notice of removal. Doc. 1-2. This letter provided a detailed description of Plaintiff's hand injuries, the type of treatment Plaintiff received, and an itemized list of medical costs incurred by Plaintiff. *Id.* at 3-4. Based solely on his medical expenses, Plaintiff sought approximately $50,000 in compensatory damages.

Additionally, Plaintiff's demand letter detailed the deleterious economic consequences that his hand injury engendered. The letter explained that Plaintiff's hand injury prevented him from operating his automotive repair shop. As a result, Plaintiff allegedly lost approximately $422,651 in revenue merely *in one quarter*. *Id.* at 4 (noting that prior to Plaintiff's injury, Plaintiff's "company reported $422,651.00 in revenue" and for the same period of 2020, after Plaintiff's accident, "his company has made and thus reported, no revenue"); *see* Doc. 104 (conceding that "prior to the accident, [Plaintiff's] sale tax figures were considerable but the handicap he has suffered renders him unable to continue his business as it was before the accident and his income has dwindled into a negative revenue"). Plaintiff's then counsel explained the bases of Plaintiff's damages and provided evidence to support Plaintiff's demand.

Plaintiff's demand letter—which includes an allegation that Plaintiff lost income of approximately $422,651 in one quarter and suffered $48,980.36 in medical expenses—strongly indicates that the amount in controversy exceeds $75,000.

### 2.    *Plaintiff's Complaint*

In determining the amount in controversy, courts also must consider allegations that a plaintiff included in his complaint. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th

Cir. 2022); *Roe*, 613 F.3d at 1061-62. In Plaintiff's complaint filed in state court, Plaintiff's counsel stated that Plaintiff was seeking "*damages exceeding $30,000.00.*" [Doc. 1-1 at 5 ¶ 1 (emphasis added)] Plaintiff's counsel further alleged in the complaint that Plaintiff's accrual of damages—including medical expenses, lost wages, and the loss of the ability to earn money—was continuous and ongoing. *Id.* ¶ 17. These allegations when combined with the detailed information provided in the pre-suit demand letter indicate that the amount in controversy exceeds $75,000.

Additionally, Plaintiff also requested noneconomic damages for pain and suffering, mental anguish, and the loss of the capacity for the enjoyment of life. *Id.* Plaintiff's allegations regarding the severity of his injuries support claims for noneconomic damages. *See La Rocca v. Stahlherber*, 676 F. Supp. 2d 1347, 1350 (S.D. Fla. 2009) (considering the plaintiff's claim for pain and suffering); *Poltar*, 473 F. Supp. 3d at 1346 (noting that a court can consider the allegations of noneconomic damages in a plaintiff complaint when evaluating whether the amount in controversy was met) (citing *Wineberger v. Racetrac Petroleum, Inc.*, 672 F. App'x 914, 917-18 (11th Cir. 2016)). The allegations contained in Plaintiff's complaint, therefore, also indicate that the amount in controversy exceeds $75,000.

### 3. *Plaintiff's Florida Civil Case Coversheet*

In determining the amount in controversy, courts also may consider cover sheets attached to a complaint or filed in conjunction with a complaint. *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010) (per curiam); *Pretka*, 608 F.3d at 754; *Lowery*, 483 F.3d at 1212 n.62. On the civil case cover sheet attached to Plaintiff's complaint filed in state court, Plaintiff's then counsel checked the box indicating that Plaintiff's claims entailed damages "*over $100,000.00.*" Doc. 1-1 at 2. (emphasis added). That, too, indicates the amount in controversy is over $75,000.

Based on all of this evidence, the amount in controversy exceeds $75,000, and the District Court enjoys diversity-of-citizenship jurisdiction.

## B. <u>Plaintiff's Challenge to the Timeliness of the Removal</u>

Plaintiff argues that Defendant's removal of this civil action was untimely. Doc. 103 at 6.

In order to timely remove an action, the defendant must file a notice of removal within 30 days *after* the defendant (1) receives a copy of the initial pleading or (2) is served with the summons if the initial pleading has been filed with the court and is not required to be served on the defendant. 28 U.S.C. § 1446(b).

Here, Plaintiff's complaint was filed on March 23, 2021. Doc. 1-1 at 11. The summons was issued the same day. *Id.* at 13; *see* Doc. 103 at 6. On April 22, 2021,

Plaintiff served Defendant with the summons and complaint. Doc. 1-1 at 16. Thus, the 30-day window to remove this action to federal court began after Defendant was served on April 22, 2021. *See* 28 U.S.C. § 1446(a). This 30-day period ended on Sunday, May 23, 2021. Under Rule 6 of the Federal Rules of Civil Procedure, this period was automatically extended to Monday, May 24, 2021. *See* Fed. R. Civ. P. 6(a)(1)(C). On May 24, 2021, Defendant timely filed its notice of removal. Doc. 1. Accordingly, Plaintiff's motion to remand lacks merit to the extent it contends that Defendant's removal of this case was untimely.

### III. CONCLUSION

Because the District Court enjoys subject-matter jurisdiction over this action and Defendant timely removed this action to the District Court, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's motion to remand this action. Doc. 103.

At Pensacola, Florida, this 23rd day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. Doc. 85; *see* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636 (b); Fed. R. Civ. P. 72(b). Objections to these proposed**

findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.