## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ADAM KILLICK,

      Plaintiff,

v.                                  Case No. 5:21-cv-111-MW-MJF

HARBOR FREIGHT TOOLS USA INC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

In this product-liability case, Plaintiff alleges a "cut-off wheel" he purchased from Defendant caused injuries to Plaintiff's hand. Doc. 1-1 ¶ 1. Plaintiff asserts three claims: (1) "Strict Liability"; (2) "Design Defect"; and (3) "Strict Liability Failure to Adequately Warn." *Id.* at 2, 3, 5. Defendant moved for summary judgment on Plaintiff's three claims because Plaintiff failed to disclose an expert witness who would support Plaintiff's claims, and thereby failed to create a genuine issue of material fact as to essential elements of his claims. Doc. 78. Plaintiff responded in opposition. Doc. 80. Defendant filed a reply. Doc. 81. Plaintiff then filed a document, which purports to be an affidavit. Doc. 86. Because Plaintiff has failed to create a genuine issue of material fact as to at least one essential element of each claim, the District Court should grant Defendant's motion for summary judgment.

# I. BACKGROUND

## A.     Procedural History

On March 23, 2021, Plaintiff, then represented by counsel, filed his complaint in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. Doc. 1 at 1; Doc. 1-1 at 11. On April 22, 2021, Plaintiff served Defendant with the summons and complaint. Doc. 1-1 at 16. On May 24, 2021, Defendant timely filed its notice of removal. Doc. 1.

On June 29, 2021, the parties filed their joint Rule 26(f) Report. Doc. 10. On June 30, 2021, the District Court entered the scheduling and mediation order. Doc. 11. Plaintiff's deadline to disclose his expert witness was September 20, 2021. Doc. 10 at 3; *see* Doc. 11 ¶ 3.

On September 22, 2021, Defendant file a discovery status update noting: "Plaintiff's expert disclosures and reports were due September 20, 2021. Plaintiff has not served these nor requested an extension to do so." Doc. 22 at 2.

Also on September 22, 2021, Plaintiff's counsel moved to withdraw. Doc. 21. The District Court denied this motion. Doc. 23. On October 7, 2021, Plaintiff's counsel filed an amended motion to withdraw. Doc. 32. After conducting a hearing on the motion, the District Court permitted Plaintiff's counsel to withdraw. The District Court also stayed the case for thirty days to allow Plaintiff to find substitute counsel. Docs. 39, 40.

On November 15, 2021, Plaintiff filed an appeal. Doc. 44. On November 17, 2021, the District Court stayed the case pending Plaintiff's appeal. Doc. 47. On March 14, 2022, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. Doc. 66.

On March 15, 2022, the District Court lifted the stay. Doc. 67. On April 1, 2022, the parties submitted a supplemental joint report of the Rule 26 conference. Doc. 72. In that joint report, the parties acknowledged that "Plaintiff did not disclose any experts" by the deadline set by the court's scheduling and mediation order. *Id.* at 5; *see* Doc. 74. Defendant, however, renewed its motion for an extension of its deadline to disclose expert witnesses. Doc. 72; *see* Doc. 34.

On April 5, 2022, the District Court entered an amended scheduling order, which adopted Defendant's request for an extension of its deadline to disclose its expert as requested in the joint report filed on April 1, 2022. Doc. 73. Plaintiff did not request an extension of his deadline to disclose expert witnesses, so the amended scheduling order did not modify Plaintiff's deadline to disclose his expert witnesses.

On April 14, 2022, Plaintiff filed a motion for "Adopting of Original joint Report Agreed by Attorneys Drumm and Roane of 6.16.21 Set Aside Report of 4/1/22 . . . ." Doc. 74. On April 15, the District Court denied this motion and explained that if Plaintiff needed "additional time or other relief to complete discovery, he must file the appropriate motion." Doc. 75 at 1.

On April 28, 2022, Defendant moved for summary judgment on each of Plaintiff's three claims. Doc. 78.

On April 25, 2022, Plaintiff filed a motion for clarification regarding the District Court's April 1 order. Plaintiff asked the court to "spell out in plain English exactly what plaintiff is entitled to move for if he is allowed to prosecute his case." Doc. 76. On May 2, 2022, the District Court granted Plaintiff's motion for clarification in part and explained:

> [T]his Court in no way limits Plaintiff in making discovery requests and moving to compel responses to such requests in the event a motion is warranted under Federal Rule of Civil Procedure 37. Plaintiff is allowed to seek an extension of deadlines in the event a motion is supported by good cause pursuant to Federal Rule of Civil Procedure 16.

Doc. 79 at 1.

On May 11, 2022, Plaintiff filed his response in opposition to Defendant's motion for summary judgment. Doc. 80. In his response, Plaintiff acknowledged that he did not provide Defendant with any expert-witness reports. *See* Doc. 80 at 1.

On June 13, 2022, Plaintiff filed another document, which he titled "Affidavit of Plaintiff Adam Killick to Dispute the Material Facts Presented by the Defendant and Provide Evidence with a Degree of Credibility and Accuracy to Petition This Court to Issue an Order of Summary Judgdgement [sic] in favor of the Defendant." Doc. 86. This document purports to establish Plaintiff as an expert witness as to the design and operation of the product at issue. *Id.* at 2–3.

**B.**   **Undisputed Facts**

For purposes of the summary-judgment motion, Defendant did not dispute the following facts drawn from Plaintiff's complaint. On December 2, 2019, Plaintiff purchased a "'Warrior' brand 4-1/2 In. Aluminum Oxide 60 Grit Metal 13,300 Max RPM Thin Cut-Off Wheel 10 Pk" (the "cut-off wheel") from Defendant. Doc. 1-1 ¶ 5. On January 25, 2020, Plaintiff was using a "Hyper Tough" 6-AMP Angle Grinder with the cut-off wheel attached. *Id* ¶ 6. When Plaintiff turned the angle grinder on, the cut-off wheel shattered. *Id.* ¶ 8. A piece of the shattered cut-off wheel hit Plaintiff's left hand and caused severe lacerations. *Id.* ¶ 9.

## II. STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). An issue of fact is "material" if it could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At "the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is

a genuine issue for trial." *Anderson*, 477 U.S. at 249. In evaluating a summary-judgment motion, all "justifiable inferences" must be resolved in the nonmoving party's favor so long as there is a genuine dispute as to those facts. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *see Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

Defendant argues that it is entitled to summary judgment on Plaintiff's three claims because Plaintiff failed to offer admissible expert testimony to establish that the cut-off wheel was defective and that the alleged defects caused Plaintiff's injuries. Doc. 78 at 11–13. Plaintiff does not dispute that he was required to offer evidence from an expert. *See* Docs. 80, 86. Rather, as discussed more fully below, Plaintiff attempts to disclose untimely two expert witnesses. In addition to being untimely, Plaintiff's attempted disclosures fail to comply with Rule 26(a)(2)(B).

**A.    Florida Law Requires an Expert Witness to Create a Genuine Issue**

**1.    *Plaintiff's Lack of Expert Evidence Regarding Defects***

Under Florida law, when a claim requires a plaintiff to establish a fact that involves "complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required. . . . Without expert testimony, the plaintiff's claim fails as a matter of law." *Small v. Amgen, Inc.*, 723 F. App'x 722, 726 (11th Cir. 2018) (citing *Guinn v. AstraZeneca Pharm. LP*, 602 F.3d 1245, 1256 (11th Cir. 2010)); *Cooper v. Old Williamsburg Candle Corp.*, 653 F. Supp. 2d 1220,

1225 (M.D. Fla. 2009) (holding that a defect in a product "must be proven by expert testimony"). Under Florida law, the three claims asserted by Plaintiff—"Strict Liability," "Design Defect," and "Strict Liability Failure to Adequately Warn"— require a plaintiff to establish through expert testimony that the product was defective. *See Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1297 (11th Cir. 2022); *House v. DePuy Synthes Sales, Inc.*, No. 21-12897, 2022 WL 1749201, at *3 (11th Cir. May 31, 2022); *Ojeda v. Louisville Ladder Inc.*, 410 F. App'x 213, 215 (11th Cir. 2010); *Bodner v. Thunderbird Prod. Corp.*, No. 5:19-CV-351-TKW-MJF, 2022 WL 1131734, at *2 (N.D. Fla. Mar. 14, 2022); *Cates v. Zeltiq Aesthetics, Inc.*, 535 F. Supp. 3d 1222, 1229 (M.D. Fla. 2021); *Citizens Prop. Ins. Corp. v. Simkar LLC*, 813 F. Supp. 2d 1356, 1362 (M.D. Fla. 2011); *Beauregard v. Cont'l Tire N. Am., Inc.*, 695 F. Supp. 2d 1344, 1356 (M.D. Fla. 2010), *aff'd*, 435 F. App'x 877 (11th Cir. 2011).

It is undisputed, however, that Plaintiff did not offer any evidence from an expert that:

- the cut-off wheel was defectively designed;

- a warning regarding these purported defects was necessary; and

- Defendant's warning regarding the dangers posed by the cut-off wheel were insufficient.

Because Plaintiff has failed to offer evidence from an expert regarding these essential elements of his claims, he has failed to create a genuine issue of material fact as to these facets of his claims. *See Knepfle*, 48 F.4th at 1297; *Witt v. Stryker Corp. of Mich.*, 648 F. App'x 867, 875 (11th Cir. 2016); *Pierre v. Intuitive Surgical, Inc.*, 476 F. Supp. 3d 1260, 1269 (S.D. Fla. 2020); *Hall v. Sunjoy Indus. Grp., Inc.*, 764 F. Supp. 2d 1297, 1303–04 (M.D. Fla. 2011); *Cooper*, 653 F. Supp. 2d at 1225. For this reason alone, Defendant is entitled to summary judgment on Plaintiff's three claims.

### 2.    *Plaintiff's Lack of Expert Evidence Regarding Causation*

Plaintiff's claims fail for a second reason: he failed to offer evidence from an expert that any defect caused Plaintiff's injuries. A plaintiff who alleges that he was injured by a defective product must establish at trial that the defect caused the plaintiff's injury. *Cates*, 535 F. Supp. 3d at 1229 ("Under Florida law, a plaintiff suing on a products liability claim must prove, through expert testimony, that a product defect existed and that such defect caused injury."). Generally, this requires an expert's testimony. *See Witt*, 648 F. App'x at 875 (holding that a plaintiff could not establish that an allegedly defective product caused his injuries when Plaintiff did not offer any admissible evidence from an expert to that effect); *Tran v. Toyota*

*Motor Corp.*, 420 F.3d 1310, 1212 (11th Cir. 2005); *Cooper*, 653 F. Supp. 2d at 1226.

In this case, Plaintiff would be required to establish at trial that the purported defects—that the attachment ring/grinder collar was not fully embedded within the cutting material and that the reinforcement fibers were spaced too widely—caused the cut-off wheel to detach and/or shatter and injure Plaintiff. Evaluating whether the purported defects caused the cut-off wheel to detach and/or shatter would require evidence from an expert regarding product design.

Furthermore, Plaintiff alleges that he was using the cut-off wheel with another product when the cut-off wheel malfunctioned and shattered. Thus, the jury also would necessarily have to evaluate the interaction between the cut-off wheel and the angle grinder as it relates to the purported design defects and the resulting malfunction of the cut-off wheel. "Evaluating this relationship is beyond the capacity of lay persons and requires expert testimony." *Humphreys v. Gen. Motors Corp.*, 839 F. Supp. 822, 827 (N.D. Fla. 1993), *aff'd*, 47 F.3d 430 (11th Cir. 1995).

In response to Defendant's motion for summary judgment, Plaintiff has not offered any evidence from an expert in support of causation. Plaintiff, therefore, has failed to create a genuine issue of material fact as to this essential element of his three claims. For this second, independent reason, therefore, the District Court should grant summary judgment in favor of Defendant.

**B.**    <u>**Plaintiff's Failure to Comply with Rule 26(a)(2)**</u>

In an effort to overcome Plaintiff's failure to offer evidence from an expert regarding the essential elements discussed above, Plaintiff filed a memorandum and an affidavit in which he suggests that Plaintiff himself and Dr. Charles E. Benedict, Ph.D., could serve as expert witnesses to establish that: (1) the cut-off wheel was defective, and Defendant failed to properly warn of this defect, and (2) the defects of the cut-off wheel caused Plaintiff's injuries. Docs. 80, 86. As discussed below, however, Plaintiff still has failed to create a genuine issue of material fact as to these elements because, among other reasons, his "disclosures" were untimely and do not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 26 states that a "party must make [expert-witness] disclosures at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D). In order to make a proper disclosure, a party must, by the deadline, disclose the identity of their experts "accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). This written report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). This rule is "intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)

(quotation omitted). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 719 (11th Cir. 2019) (quoting *Reese*, 527 F.3d at 1266).

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion . . . or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Guevara*, 920 F.3d at 718. The party who failed to make a timely expert disclosure bears the burden of demonstrating substantial justification or harmlessness. *Greater Hall Temple Church of God v. S. Mut. Church Ins. Co.*, 820 F. App'x 915, 920 (11th Cir. 2020) (citing *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

Plaintiff's deadline to disclose his expert witnesses was September 20, 2021. Doc. 10 at 3. At the time of this deadline, Plaintiff was represented by counsel. Doc. 39. Neither Plaintiff nor his counsel disclosed any expert witnesses on or before September 20, 2021. Plaintiff began proceeding *pro se* on October 18, 2021. Since proceeding *pro se*, Plaintiff has not requested additional time to disclose expert witnesses.

1.    *The Untimely and Insufficient Disclosure Regarding Plaintiff*

On June 13, 2022—*more than eight months after Plaintiff's deadline to disclose expert witnesses*—Plaintiff filed a document: "Affidavit of Plaintiff Adam Killick to Dispute the Material Facts Presented by the Defendant and Provide Evidence with a Degree of Credibility and Accuracy to Petition This Court to Issue an Order of Summary Judgdgement [sic] in favor of the Defendant." Doc. 86. In this affidavit, Plaintiff asserts that he has "comparable academic stature to" Defendant's expert witness and is "eminently superior in the knowledge experience and operation of the defective product." *Id.* at 2. He asserts that he is an expert when it comes to grinding machines because the use of a "grinding machine" has been an "integral part of his business for over sixty years." *Id.* Additionally, he asserts that Defendant should have been aware of Plaintiff being an expert since the commencement of this action. *Id.*

In this purported affidavit, Plaintiff provides the following disclosures:

- "If the disc had modified its design to incorporate the 6 point attachment instead of the paltry 4, it is unlikely that it would have detached";

- "If the disc had shattered inside the guard . . ., then fragments . . . would have propelled in several different directions";

- "The depth of the steel shield exceeds the face of the disc by one quarter inch" thus the disc was not used to grind on its face; and

- "Any position of the shield would have not prevented the disc from being ejected 90 degrees from the grinder."

Doc. 86 at 1–2.

As noted above, Plaintiff failed to file timely an expert-disclosure report regarding himself. Even if Plaintiff had filed this "report" timely, it fails to comply with the requirements of Rule 26(a)(2)(B) insofar as it does not "contain a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Thus, Plaintiff has the burden of establishing that his tardiness and failure to comply with the requirements of Rule 26(a)(2)(B) are substantially justified or harmless. *Reese*, 527 F.3d at 1265. Plaintiff, however, does not even attempt to make this demonstration. For this reason, therefore, the District Court should reject Plaintiff's belated attempt to overcome Defendant's motion for summary judgment by claiming that Plaintiff is himself an expert in the field of welding or the design of the cut-off wheel.

Additionally, the District Court should not consider Plaintiff's purported expert opinion contained within his "affidavit," Doc. 86, because:

- it is not a proper affidavit "sworn under oath before a notary (or another oath-taker) affixed with the notary seal." *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022).

- it is an unsworn statement that fails to meet the criteria for an unsworn declaration under 28 U.S.C. § 1746 and thus "may not be considered . . . in evaluating a motion for summary judgment" because it is "incompetent to raise a fact issue precluding summary judgment." *Id.*

- if Plaintiff were to be considered an expert witness, Defendant would be entitled to depose Plaintiff and, as of the date of this report and recommendation, Plaintiff has refused to be deposed. Doc. 90 at 1–3, 5 n.1; Doc. 96.

- Plaintiff—as a *pro se* party with a financial interest in this litigation— ordinarily would not be permitted to act as his own expert witness. *Ordon v. Karpie*, 273 F. App'x 27, 30 (2d Cir. 2008); *Proteus Books Ltd. v. Cherry Lane Music Co.*, 873 F.2d 502, 515 (2d Cir. 1989); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 293 F. Supp. 3d 77, 81 (D.D.C. 2018); *Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420, 1425 (E.D. Tex. 1986).

For all of these reasons, Plaintiff's untimely and insufficient "disclosure" of himself as an expert witness does not create a genuine issue of material fact.

**2.    *The Untimely and Insufficient Disclosure Regarding Dr. Benedict***

On May 11, 2022—*more than seven months after Plaintiff's deadline to disclose expert witnesses*—Plaintiff cryptically mentioned a consulting engineer,

Dr. Charles E. Benedict, Ph.D., in his response in opposition to Defendant's motion

for summary judgment:

> Defendant's motion [for summary judgment] is replete with perpetual references to Plaintiff's lack of testimony from an expert witness. In fact the court is reminded on nine specific occasions in the first few pages of her motion that the plaintiff has no case without such evidence.

> The court may wonder why the defendants [sic] assertion is delivered with such certainty, such arrogance, without any consideration of the possibility that Dr. Benedict who has received $5400 for his report might actually submit it.

Doc. 80 at 1.

Even if the District Court were inclined to construe this vague mention of

Dr. Benedict as a disclosure of an expert witness, Plaintiff filed this "disclosure"

more than seven months too late, and this "disclosure" fails to comply with the

requirements of Rule 26(a)(2)(B) insofar as it does not "contain a complete statement

of all opinions the witness will express and the basis and reasons for them" and "the

facts or data considered by the witness in forming them." Fed. R. Civ. P.

26(a)(2)(B)(i)–(ii). Disclosure of only an expert's name is insufficient to satisfy the

requirements of Rule 26(a)(2)(B). *Reese*, 527 F.3d at 1265.

Despite these obvious deficiencies, Plaintiff fails to carry his burden of

demonstrating that his tardiness and inadequate disclosure were substantially

justified or harmless. Specifically, Plaintiff fails to explain why he—and his

counsel—ignored the original September 2021 deadline to disclose expert witnesses imposed by the District Court. Even assuming Plaintiff's former counsel was negligent by failing to comply with a court-imposed deadline, that is insufficient to meet Plaintiff's burden. *Dos Santos v. U.S. Att'y Gen.*, 982 F.3d 1315, 1319 (11th Cir. 2020) ("Petitioner voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)).

Furthermore, even if Plaintiff's former counsel bears some of the blame for the failure to timely file any expert disclosures, Plaintiff knew that he had failed to disclose his expert witness. *See* Doc. 74 at 1. Despite this, Plaintiff never sought an extension of time to extend that deadline. Further, he fails to explain:

- why he did not engage another expert witness if Dr. Benedict would not give him a report; and

- why he did not ask the District Court to reopen the period to disclose expert witnesses so that he could file a timely disclosure.

Indeed, the District Court twice advised Plaintiff that he "is allowed to seek an extension of deadlines in the event a motion is supported by good cause pursuant to Federal Rule of Civil Procedure 16." Doc. 79 at 1; *see* Doc. 75 at 1 ("If Plaintiff needs additional time or other relief to complete discovery, he must file the

appropriate motion."). Plaintiff knows very well how to file motions and seek relief from the court, as he has filed many motions. *See, e.g.*, Docs. 43, 44, 45, 52, 57, 59, 61, 68, 74, 84, 88, 92, 93, 103, 105, 108, 109, 110, 120, 121, 126, 128, 130.

To this very day, Plaintiff has not advised Defendant or the District Court of the testimony that Dr. Benedict purportedly would provide at a trial. Plaintiff has failed to show that his failure to provide a timely expert disclosure that complies with Rule 26(a)(2)(B) was harmless or substantially justified. Thus, the District Court cannot consider any testimony Dr. Benedict might have provided in determining whether Plaintiff has created a genuine issue of material fact as to the essential elements of his claims.

For these reasons, Plaintiff's untimely and insufficient "disclosure" of Dr. Benedict as an expert witness does not create a genuine issue of material fact.

## IV.  CONCLUSION

Because Plaintiff's three claims require expert testimony to establish at least one essential element of each claim, and Plaintiff has failed to proffer evidence of an expert sufficient to create a genuine issue of material fact, Defendant is entitled to summary judgment. The undersigned, therefore, respectfully **RECOMMENDS** that the District Court:

1.    **GRANT** Defendant's motion for summary judgment.

2.    **DIRECT** the clerk to enter judgment in favor of Defendant, terminate all pending motions, and close the case file.

At Pensacola, Florida, this 9th day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. Doc. 85;** *see* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**