UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADAM KILLICK,

    Plaintiff,

v.                                    Case No. 5:21-cv-111-MW-MJF

HARBOR FREIGHT TOOLS USA INC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In this product-liability case, Plaintiff alleges that a "cut-off wheel" he purchased from Defendant lacerated and injured Plaintiff's hand. Doc. 1-1 ¶ 1. After the deadline to file dispositive motions had expired, Plaintiff filed a motion that he calls a "motion for summary judgment." Doc. 126. Defendant filed a response in opposition. Doc. 127. Because Plaintiff's motion is untimely and fails to articulate a sound basis for the District Court to grant summary judgment on any of Plaintiff's claims, the District Court should deny Plaintiff's motion for summary judgment.

### I. BACKGROUND

On March 23, 2021, Plaintiff, then represented by counsel, filed his complaint in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. Doc. 1 at 1; Doc. 1-1 at 11. On May 24, 2021, Defendant timely filed its notice of

removal. Doc. 1. Plaintiff asserts three claims: (1) "Strict Liability"; (2) "Design Defect"; and (3) "Strict Liability Failure to Adequately Warn." Doc. 1-1 at 2, 3, 5.

On September 22, 2021, Plaintiff's counsel moved to withdraw. Doc. 21. The motion was originally denied. Doc. 23. On October 7, 2021, Plaintiff's counsel filed an amended motion to withdraw. Doc. 32. After conducting a hearing on the motion, the District Court permitted Plaintiff's counsel to withdraw. The District Court stayed the case for thirty days to allow Plaintiff to find substitute counsel. Docs. 39, 40.

Plaintiff filed an appeal instead. Doc. 44. The United States Court of Appeals for the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 66. On June 1, 2022, the District Court referred this matter to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. Doc. 85.

On June 17, 2022, the undersigned extended the deadline to file dispositive motions to August 5, 2022. Doc. 90 at 9. Without seeking leave from this court, Plaintiff submitted his motion for summary judgment on October 13, 2022, more than two months after the deadline had expired. Doc. 126.

## II. DISCUSSION

The District Court should deny Plaintiff's motion for summary judgment for at least two reasons: (1) Plaintiff motion is untimely, and Plaintiff failed to show

good cause for his untimeliness; and (2) the motion is not a proper motion for summary judgment insofar as it does not identify any sound basis in law for the District Court to enter judgment for Plaintiff.

### A. Plaintiff Failed to Show Good Cause for His Untimely Filing

A district court is required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). A scheduling order may be modified "*only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note).

As the Eleventh Circuit has noted "deadlines are not meant to be aspirational." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004). "Deadlines, in the law business, serve a useful purpose and reasonable adherence to them" is important. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Although *pro se* litigants' pleadings must be construed liberally, the Supreme Court and Eleventh Circuit have never "suggested that *procedural rules* in ordinary civil litigation should be interpreted so as to excuse the mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (emphasis added); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Wayne v. Jarvis*, 197 F.3d

1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). *Pro se* litigants are "subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In the instant case, on June 17, 2022, the undersigned extended to August 5, 2022, the deadline for the parties to file dispositive motions. Thus, between June 17, 2022 and August 5, 2022, to comply with the deadline, Plaintiff had approximately forty-nine days to prepare and submit his four-page summary-judgment motion. Furthermore, if Plaintiff needed additional time, he could have moved for an extension of the deadline. He did not do so. Plaintiff also did not seek leave to file an untimely motion for summary judgment, and he has not provided any explanation for his untimeliness. Thus, Plaintiff clearly has failed to carry his burden of showing good cause for his untimeliness.

Plaintiff's *pro se* status does not excuse non-compliance with deadlines set by the court. "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (internal citation and quotation omitted); *see McNeil*, 508 U.S. at 113; *Kotler v.*

*Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("[S]olicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines."); *Albra*, 490 F.3d at 829; *Moon*, 863 F.2d at 837. Because Plaintiff utterly failed to show good cause for his belated motion for summary judgment, the District Court should deny Plaintiff's motion for summary judgment for this reason alone. *See Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988).

### B.     Plaintiff's Motion Is Not a Proper Motion for Summary Judgment

There is a second, independent reason for the District Court to deny Plaintiff's motion for summary judgment: it is not a proper motion for summary judgment insofar as it does not seek judgment for Plaintiff and instead seeks a rehearing of issues already decided by the District Court.

Rule 56 of the Federal Rules of Civil Procedure states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In his motion, Plaintiff provides no basis for the District Court to grant summary judgment on the claims in his complaint. Plaintiff does not address any evidence that relates to his underlying claims and, in fact, does not seek any relief relating to his underlying claims. Plaintiff does not even attempt to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of

law. Rather, Plaintiff's motion is simply a statement of Plaintiff's grievances and a request for a "speedy and compassionate resolution" of this matter. Doc. 126 at 4.

Plaintiff's motion for summary judgment also is not a proper motion for reconsideration. The undersigned has explained to Plaintiff that to file a proper motion for reconsideration, Plaintiff must show that:

> "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

Doc. 101 at 2.

Instead of pointing to facts or law which warrant reconsideration of proper rulings, Plaintiff simply lists all his grievances regarding this case and another federal case that was before the undersigned in the United States District Court for the Northern District of Florida: *Killick v. Fasig Brooks*, No. 5:22-cv-40-AW-MJF, (N.D. Fla. Feb. 15, 2022). Doc. 126 at 1–4. Plaintiff has not shown that an intervening change of law or some other factor requires the District Court to reconsider its prior decisions.

Because Plaintiff has not shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law, the District Court should deny Plaintiff's motion for summary judgment.

### III. Conclusion

Because Plaintiff failed to show good cause for submitting his "motion for summary judgment" after the deadline for dispositive motions, and because he has failed to show that there are no genuine issues of material fact and he is entitled to judgment as a matter of law, the District Court should **DENY** Plaintiff's "motion for summary judgment." Doc. 126.

At Pensacola, Florida, this <u>9th</u> day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. Doc. 85;** *see* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636 (b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**